Parker, C. J.,
delivered the opinion of the Court. The replication in this case avers, that the articles taken were tools of trade, necessary for the occupation of the plaintiff. The rejoinder denies that fact. And the special verdict finds that the articles were a printing-press, types, and certain other implements of a printing-office ; that other articles of the like nature, and of the value of more than $ 1600, were left unattached ; and that the articles taken weie necessary to enable the plaintiff to prosecute his business in the extensive manner he had been accustomed to carry it on ; but that he *74 might, with the implements that were left, carry on the business of a printer to a considerable extent. Whether the articles taken were necessary tools or not, within the meaning of the statute, the jury have referred to the opinion of the Court.
By the first section of the statute upon which the question has arisen, it is provided, that, among other things therein specified, the tools of any debtor, necessary for his trade or occupation, shall be exempted from attachment and execution. This statute, as it is in derogation of the common rights of creditors to secure their debts out of the property of their debtors, ought to have a strict construction ; according to the true intent and meaning of the legislature, if that can be ascertained.
* It is not to be supposed, that it was designed to comprehend within the term tools (which are properly small "articles used by the hand) complicated machinery or expensive utensils, which may, of themselves, be of great value. There are many machines now used in manufactures, which may as well be denominated tools as the apparatus of a printing-office ; and yet it cannot be supposed it was intended to exempt them from attachment, and thus to enable a debtor to hold a great capital which cannot be reached by his creditors. And, indeed, when the household furniture to be exempt is limited by the statute to the value of $ 50, and the tools of trade are exempted without any limitation, we are necessarily led to the conclusion, that the term tools was used in the statute to designate those implements which are commonly used by the hand of one man, in some manual labor necessary for his subsistence.
It has been shown, from the best lexicographers, that, by the word tool is to be understood some simple instrument used by the hand ; and even if we should not confine the term to so strict a sense, yet we are not at liberty to suppose that the legislature departed so entirely from the appropriate meaning as to extend it to complicated and expensive machinery, which requires many hands to set it in motion. In the broad sense contended for by the plaintiff, all the utensils of a distillery; the looms, spindles, &c., of a cotton or woollen manufactory; the forges and other instruments of a manufactory of iron, would be free from attachment; although it is well known that these articles may cost thousands of dollars. Such a construction cannot be adopted, without a violation of the common principles of our laws for the security of debts.
But, allowing the furniture of a printing-office to be the tools of trade of a printer ; still the verdict in this case does not find them to be necessary. This term excludes from the exemption every thing without which the debtor can work at his trade. It is not intended that he shall bo * protected in carrying on an *75 extensive trade, with a large capital in tools ; while his creditor may be suffering for the money that is justly due to him. It appears in the case before us, by the verdict, that a printing apparatus, in all respects complete and of great value, has been left with the plaintiff; by the use of which he might carry on many branches of his trade. This is surely enough to show that those taken were not necessary.
It has been suggested, that the remedy still exists against the per son of the debtor. But by our laws, as at present existing, the imprisonment of a debtor is merely nominal. He may sleep in his own bed, eat at his own table, and carry on business at his usual place, notwithstanding he is legally in jail. If, to these privileges, be added the right of securing a fortune under the name of tools of trade, the situation of the debtor will often be preferable to that of the creditor. And he may even free himself from this figurative imprisonment, by swearing that he has no estate, except what is exempted from attachment. In every view of the subject, we are satisfied that the articles taken by tbe defendant were not tools of trade, within the true meaning of the statute. Judgment must, therefore, be rendered upon this verdict for the defendant.
[Howard vs. Williams, 2 Pick. 80; Danforth vs. Woodward, 10 Pick. 423. — Ed.]