## BATCHELDER *vs.* SHAPLEIGH.

A *mill-saw* is not a *tool* within the meaning of *stat.* of 1821, *ch.* 95, and is not therefore exempt from attachment.

TROVER for a mill-saw. The general property in the saw was admitted to be in the plaintiff, but the defendant justified the taking as an officer upon a writ of attachment against the plaintiff, who claimed to hold it exempt from attachment, on the ground of its being a " tool necessary for his trade or occu-" pation."

It was in evidence that the plaintiff's *principal business* was that of sawing in a mill, in which he was a part owner, both for himself and for some of the other owners ;— that he had been employed at that business about six months in the year for four or five years past, sawing whenever there were logs and sufficient water for that purpose. When he had no occasion to use the saw in the mill, he was accustomed to take it home to his house for safe keeping, where it was when the defendant attached it.

Upon this evidence, *Ruggles J.* who tried the cause in the Common Pleas, being of opinion that the mill-saw was not exempt from attachment, directed a nonsuit. To which opinion and direction the plaintiff tendered a bill of exceptions, which was allowed and signed, and thereupon the cause came up to this Court.

*N. D. Appleton*, for the plaintiff. The intention of the Legislature is said to be the fundamental rule in construing statutes. *Dane's Abr. ch.* 196, *art.* 5. What then was the object of the statute in question ? Manifestly to protect from attachment such tools of poor debtors, of small value, as were indispensable to enable them to obtain a living in their respective occupations. A liberal construction should be adopted. The course of legislation latterly has been to extend and increase the exempted articles. The word *tool* should be taken in its popular sense, in which case it will embrace those utensils or instruments necessary for conducting the business of a particular occupation, and

will not be confined to the limited sense of an instrument or small article used *by the hand.* For this construction while it would exempt the blacksmith's hammer, would leave him without an anvil.

The proper limitation is stated by *Parsons C. J.* in *Buckingham v. Billings,* 13 *Mass.* 88. " This term" (necessary) " ex-" cludes from the exemption every thing without which a debtor " can work at his trade." Now, in the present case the plaintiff's *principal business* or occupation was that of sawing, it was *his trade;* and the saw was *a tool,* without which he could not " work at his trade." This case therefore is within both the letter and reason of the statute.

" Statutes in derogation of the common law should be con-" strued *sensibly* as well as *strictly.*" *Gibson v. Tenney,* 15 *Mass.* 205. The exemption of one swine from attachment extends to the swine after it is killed for food. The exemption of a debtor's tools is not limited to those used by himself but extends to those used by his journeymen and apprentices, if his trade require their assistance. *Howard v. Williams,* 2 *Pick.* 80.

Mr. *A.* then argued against the case of *Daily v. May,* 5 *Mass.* 313, as authority in this case. The decision in that case went upon the ground of a deficiency in proof that the machinery was *necessary* to the debtor's trade or occupation. Besides so far as the remarks of the Court oppose the position now maintained by the plaintiff, they were mere *dicta,* not necessary to a decision of the cause. The reasoning was also unsatisfactory and inconclusive.

*Burleigh,* for the defendant, cited *Buckingham v. Billings,* 13 *Mass.* 88; *Daily v. May,* 5 *Mass.* 313; 14 *Johns. Rep.* 434; *Gale v. Ward,* 14 *Mass.* 352; *Haskell v. Greely,* 3 *Greenl.* 425.

WESTON J. — We are satisfied that the mill-saw cannot be regarded as a tool, exempted from attachment under the statute. It is not an instrument worked by hand, or by muscular power; but part of a mill propelled by water. The exemption under the statute cannot be sustained to the extent claimed by the plaintiff.

*Judgment affirmed.*