CORNELIUS DRISCOLL *et al. versus* NATHAN FISKE.

Two booksellers, partners, executed an assignment in trust for the benefit of their creditors who should become parties to it, of "all their books, stock in trade, printing apparatus and machinery, books of account, book debts, notes and demands, and all their other property of every name and nature, except such as is exempt from attachment, most of the same being now at their place of business, a schedule of which is annexed ; and other and fuller schedules of the property hereby assigned shall be hereunto annexed as soon as the same can be conveniently made." The schedule contained three items, viz. "stock of books in store,—printing presses and materials,—notes and demands &c." After the lapse of more than two months the furniture of one of the partners, being then in his possession, was attached by a creditor, and after this the assignees inserted it in the schedule. It was *held*, that the words of the assignment, though broad enough in themselves to comprise the furniture, were restricted by the schedule ; that the furniture was not included in the schedule as originally made, the " &c." being applicable to things *ejusdem generis ;* that parol evidence that the assignment was intended to embrace the furniture was inadmissible, because it would vary the written instrument ; and that the attachment, therefore, was valid.

TRESPASS against a deputy sheriff to recover the value of certain furniture attached by him in June, 1837, as the property of G. W. Light, in a suit of B. Bradley against Light and J. A. Stearns.

On a case stated it appeared, that the furniture was the property of Light. It was claimed by the plaintiffs as assignees under an assignment, dated the 7th of April, 1837, made by Light & Stearns, for the benefit of their creditors. To this instrument Light & Stearns, who were then partners in the book-selling business, under the firm of Light & Stearns, were parties of the first part, the plaintiffs of the second part, and the creditors who should execute it, of the third part. The assignment purports to be made agreeably to the " act to regulate the assignment and distribution of the property of insolvent debtors ;" (*St.* 1836, *c.* 238 ;) and by it Light & Stearns assign to the plaintiffs " all their books, stock in trade, printing apparatus and machinery, books of account, book debts, notes and demands, and all other property of every name and nature, except such as is exempt from attachment, most of the same

Driscoll
*v.*
Fiske.

property being now at their place of business at N ). 1 and 2, Cornhill, in said Boston, a schedule of which is annexed." After the usual provisions it proceeds : "and it is further agreed, that other and fuller schedules of the property hereby assigned shall be hereunto annexed, as soon as the same can be conveniently made." The schedule annexed contained three items, without any sums affixed. Immediately after it was made, the assignors, by direction of the assignees, took an account of their stock in trade, estimated their printing presses and materials, and made a list of the demands due to them, and a list of the debts due from them, and filled out the schedule with the sums ; so that it then read as follows : —

SCHEDULE.

| | |
|---|---:|
| Stock of books in store, valued at - - - - - - 9190·06 |
| Printing presses and materials - - - - - | 2000·00 |
| Notes and demands, &c. - - - - - - - | 5680·36 |
| | 16,870·42 |
| Debts - - - - - - - - - - - | 13,870·45 |
| Balance - - - - - - - | 2999·97 |

This schedule was exhibited by Light & Stearns to their creditors ; most of whom subsequently, and before the defendant's attachment, became parties to the assignment. No inventory of Light's furniture was made by the assignees, and it remained in his possession and was used by him in his house, until the time of the attachment.

It was agreed that Light would testify, that when the assignment was making he intended to have the furniture covered by it ; that before he signed it he mentioned to the scrivener that he wished to have the furniture covered in the wording of the assignment he was then writing ; that after it was made he asked the scrivener if the furniture was included in the assignment and he said it was ; and that one Pierce, as an agent of the assignees, took possession of the furniture by going into Light's house for that purpose. It was also agreed that Pierce would corroborate the testimony of Light. The plaintiffs denied that this evidence was admissible, on the ground that it tended to alter the meaning of a written instrument.

A few days after the attachment was made, one of the

assignees added to the schedule the words, "Individual property, $600."

If the Court should be of opinion, that the furniture was the property of Light at the time of the attachment, the plaintiffs were to become nonsuit; otherwise the defendant was to be defaulted.

*Brigham,* for the plaintiffs, said that it was the intention of Light to assign all his property; that he had made oath, pursuant to the statute of 1836, that he had so done; and that the words of the instrument were comprehensive enough to carry his intention into effect. *Bridge v. Wellington,* 1 Mass R. 227; *Juxon v. Blodget,* 16 Johns. R. 172; *Wharton v Fisher,* 2 Serg. & Rawle, 178; *Davenport v. Mason,* 15 Mass. R. 92.

*Sewall,* for the defendant. The furniture was not conveyed, not being included in the schedule; which limits the general words in the assignment. The "&c." after "notes and demands," in the schedule, must be confined to things *ejusdem generis.* *Tucker v. Clisby & Trs.* 12 Pick. 22; *Wilkes v. Ferris,* 5 Johns. R. 335. The parol evidence of an intention to include the furniture, would vary the written instrument and is inadmissible. *Lano v. Neale,* 2 Stark. R. 105. If the furniture were intended to be conveyed, the omission to insert it in the schedule would be a badge of fraud. *Stevens v. Bell,* 16 Mass. R. 339; *Clow v. Woods,* 5 Serg. & Rawle, 282; Angell on Assignments, 66.

PUTNAM J. delivered the opinion of the Court. The general phraseology in the assignment is sufficient to include the furniture which is in question. The conveyance of certain property specified, and of all other property of every name and nature except such as is exempt from attachment, might well be construed to mean all the property which the assignors had jointly or each of them had severally. But we are to take the whole instrument into consideration, in order to ascertain the true intent and meaning of the parties. The first party consisted of Light & Stearns, who were indebted and who assigned. The plaintiffs, the assignees, constituted the second party, and were to have the property for the use of the creditors of the first party. The assignment had special reference to

*Driscoll*
*v.*
*Fiske.*

*March 7th.*

*March 18th.*

their joint property ; if it embraced their separate property, it would be by construction rather than by any express declaration to that effect.

The general words are to be explained by reference to the schedule which was annexed at the time of the execution of the assignment.    Three items are set down, stock of books in store, printing presses and materials, notes and demands.    The property is classified.    The stock of books, without doubt, was joint stock.    So the printing presses and materials ; and notes and demands, being in connexion with the other items, may be supposed to be such as belonged to the partnership concern.    If the separate property of each partner was intended to be included, it would seem a most unaccountable neglect not to say so in the schedule then annexed.

But the assignment contained a provision for the annexation of other and further schedules as soon as the same could be made conveniently.    Accordingly a schedule was made by the assignors immediately after the assignment, by the direction of the assignees, which ascertains the value of the property contained in the original schedule.    It keeps up the three classes of property.    It ascertains the amount of the same.    It goes on further to state the amount of debts, and leaves a balance in favor of Light & Stearns of nearly three thousand dollars, and Light & Stearns exhibited that schedule to their creditors. They acted upon that representation.    No intimation is given that the furniture which belonged to the assignors individually and separately, was to be considered as part of the property. And the remark before made recurs again, that it is very strange, if the fact were so, that it should not have been stated to be so in the schedule then particularly made out and annexed.

But it could be proved by the parol evidence of Light and of another person, that the furniture was intended to be *covered* by the assignment.    Now without considering the word *covered* as meaning any thing more than *included* in the conveyance, we think it perfectly clear that it tends to contradict, rather than to explain the writing, and must be excluded.    The case of *Tucker* v. *Clisby & Trs.* 12 Pick. 22, cited by the defendant, is applicable to the present, touching the construction of the assignment.    In the former case the assignor conveyed various

articles, viz. casks, shooks, wood, stock and other personal property whatever, being *on the premises* of or belonging to the assignor, and it was held that it did not include all the personal property which belonged to the assignor, but only such as was on the premises.

The application of the rule of *ejusdem generis* is to be made in the case at bar, as it was in the case last cited.

The case of *Lano* v. *Neale*, in 2 Stark. R. 105, is very strong to show that the instrument shall be construed without reference to prior agreements, which must be supposed to have merged in the one last executed. There a contract was made for a ship and a quantity of kintlage, (a sort of ballast,) but the bill of sale contained the ship with all her stores, tackle &c. without saying any thing about the kintlage. But it was held, as the kintlage could not be considered to be a part of the ship or stores, and nothing was said about it in the bill of sale, that the defendant was not liable for it.

The general words are restrained by reference to the schedules which were annexed before the attachment was made. So that the assignment, independently of the parol evidence, can not by fair construction be said to include the furniture of the individual assignors. *Wilkes et al.* v. *Ferris*, 5 Johns. R. 345.

Such was the situation of this affair until the attachment was made of the furniture by a creditor of Light. After that attachment one of the plaintiffs made an addition to the schedule, viz. "Individual property, $600;" and that is contended by the plaintiffs to cover the furniture in controversy. Now it needs no argument to prove that the rights of the parties to this suit were fixed before that addition was made, or to show that the attaching creditor cannot be legally prejudiced thereby. That transaction does not make the case more strong for the assignees.

It was contended for the plaintiffs, that the clause in the bill of sale expressing that it was a conveyance of all the property of the assignors except what was by law exempted from attachment, must have referred to the furniture, because no part of the property mentioned in the schedule was exempted from attachment. If this were so, the argument would be rather plausible than sound. But it is not certain that no part of the

Driscoll
*v.*
Fiske.

printing presses, and materials would be exempted from attachment.

In *Buckingham* v. *Billings*, 13 Mass. R. 82, the plaintiff failed to recover because the printing types and forms attached were part of an extensive printing establishment, and were of great value, much exceeding the amount of privileged property, and therefore not necessary for the plaintiff. In that case it appeared, that there was left property of that description sufficient to enable the plaintiff to go on with his business, though not quite so extensively as before. And in the case now under consideration it does not appear but that a part of the printing presses and materials referred to in the schedule, might have been protected from attachment within the true intent of the statute, which would have enabled the debtor to have earned bread for his family and to have saved them from great distress, without trenching to any considerable extent on the property on which his creditors might levy. The expression, therefore, that it was all the property excepting what was exempted from attachment, does not necessarily imply a reference to other property than is mentioned in the schedule. We should rather suppose that the expression was limited to all the property contained in the schedule which was annexed before the attachment ; which, we have already seen, did not contain the furniture.

The result is, that in the opinion of the whole Court the furniture did belong to Light at the time when it was attached, and that according to the agreement of the parties the plaintiffs are to become nonsuit