## The Ocean Insurance Company *vs.* The Portsmouth Marine Rail-Way Company & Trustees.

By the *St.* of 1839, *c.* 158, the property, in this State, of a " corporation incorporated by any other State," may be attached by the trustee process.

A judgment in the trustee process, in this State, against an inhabitant of the State, who owes a debt to a corporation established in another State, will protect the trustee against a suit brought in that State, by such corporation, to recover such debt.

Where a plea to the jurisdiction of the court is triable by the record, the judgment, if for the plaintiff, is not peremptory, but that the defendant answer over.

Assumpsit. The principal defendants prayed judgment whether the court would take further cognizance of this action, alleging that the cause of action, if any, accrued to the plaintiffs out of the jurisdiction of this court, to wit, at Portsmouth, in the State of New Hampshire ; that the defendants, when the cause of action accrued, if any had accrued, were a corpo

ration established in said New Hampshire ; and that no service had been made on them of the plaintiffs' writ in this action The plaintiffs' replication alleged that an effectual attachment was made in this case, by an attachment of the goods, effects, and credits of the principal defendants, at Newburyport in this county, as appeared by the officer's return, and the answeis of the persons summoned as their trustees, filed of record in this court. The defendants' rejoinder averred that there was no such record. Issue on the rejoinder.

The persons, named in the writ as trustees of the principal defendants, were Eleazer, Joseph, and William P. Johnson, all of Newburyport.

The return of the officer on the original writ was, that on the 3d of April 1841, he read the same to said Eleazer Johnson, and that on the 6th of the same April, he read it to said Joseph Johnson, and left a true and attested copy thereof at the last and usual place of abode of said William P. Johnson.

From the answers of the trustees it appeared that they were inhabitants of Newburyport, and that each of them owned one third part of a vessel, for the repair of which they were indebted to the principal defendants in the sum of $ 189 : That when the writ was served on said Eleazer, on the 3d of April, said Joseph and William P. were at Portsmouth (N. H.) attending to the affairs of said vessel : That on the 4th or 5th of said April, while they were still at Portsmouth, they received notice from said Eleazer, that said trustee process had been served on him, and immediately informed the principal defendants thereof, and refused to pay to them the aforesaid sum of $ 189 : That the principal defendants afterwards, on the 5th of said April, commenced an action against the owners of said vessel, " to recover said $ 189 ; and the said Joseph and William P. while temporarily stopping at said Portsmouth, but not being citizens or residents thereof, were served with process, and summoned to appear and answei to the same at the court of common pleas then next to be held at Exeter, on the first Tuesday of September then next ensuing ; and which said writ is still pending."

At the last April term of this court, the chief justice ad-

judged that there was such a record as is alleged in the plain-tiffs' replication, and the principal defendants were ordered to answer over. [See *Cremer* v. *Wicket*, 1 Ld. Raym. 550. 2 Archb. Pract. K B. 3. 1 Johns. Cas. 398. Caines's Pract 146, 147.] The said Eleazer, Joseph and William P. were also adjudged to be trustees of the principal defendants.

The principal defendants excepted to this judgment, and prayed that the opinion of the whole court might be taken there-on. The exceptions were allowed, judgment stayed, and the action continued to abide the judgment of the whole court.

*N. J. Lord*, for the principal defendants.

*C. T. Russell*, for the plaintiffs.

WILDE, J. We think this case comes clearly within *St.* 1839, *c.* 158, which provides for the attachment of property belonging to foreign corporations. The provision is, that " any corporation incorporated by any other State, and having proper-ty in this State, shall be liable to be sued, and the property of the same shall be subject to attachment, in like manner as individuals, residents of other States, and having property in this State, are now liable to be sued, and their property sub-ject to be attached."

We do not consider the form of attachment material, whether it be by a common writ of attachment, or by process of foreign attachment. The legislature manifestly intended that the prop-erty of foreign corporations should be subject to the same writs or processes of attachment, as the property of an individual, living out of the State, was, by § 44 of *c.* 90 of the Rev. Sts. That section authorizes a creditor to maintain an action against such persons, when " an effectual attachment of his goods, estate or effects, is made on the original writ." And it cannot be doubted, we think, that this section extends to attachments made under the process of foreign attachment. It extends to effects or credits, as well as to tangible property. So by *St.* 1839, *c.* 158, we think the word " property " was intended to include effects and credits, as well as goods and estate. Foreign corporations are liable to be sued " in like manner as indi-viduals, residents of other States, and having property in this State."

As to the suit brought in New Hampshire, by the principal defendants against the trustees, we are of opinion that judgment against the trustees, in this action, would be a bar to that suit. The remark made by chief justice Parker, in *Kidder* v. *Packard*, 13 Mass. 82, that this court cannot know whether its judgment, founded on the process of foreign attachment, would be respected by a foreign tribunal, is not applicable to the present case. In that case, the principal defendant was a resident in Havana ; and it was doubted whether a judgment against the trustees here would protect them against a suit which might be brought against them by their creditor in Havana. But that a judgment here would be respected by the courts in New Hampshire will not admit of doubt. The case of *Hull* v. *Blake*, 13 Mass. 153, is a strong case to show to what extent the courts of one State will go in giving effect to the judgments and judicial proceedings of other States ; and it seems to us clear, that as this court have jurisdiction, and the attachment is valid, the judgment here, as to the property attached, must be conclusive.*

*Exceptions overruled*

* See Story's Conflict of Laws, (2d. ed.) § 592. *a.* & *note.* Sergeant on Attachment, *c.* X.