Kaley *v.* Shed.

DAVID KALEY *vs.* ZACHEUS SHED.

In an action of trespass for goods taken and carried away, which the plaintiff, before action brought, demanded to be returned to him, and which the defendant promised to return, but which were attached on a writ against the plaintiff while the defendant was preparing to return them, the measure of damages is the same that it would have been if the defendant had returned the goods.

TRESPASS for taking and carrying away divers goods of the plaintiff, alleged to be of the value of $115. At the trial in the court of common pleas, before *Wells*, C. J. there was evidence tending to show that said goods were taken and carried away from the plaintiff's dwelling house by the defendant, while acting as a constable, under a search warrant; that they were not the goods mentioned in that warrant; that while they were detained by the defendant, the plaintiff made a demand on the defendant to return them to him at a place designated; that to this demand the defendant replied that he would so return them; and that while he was apparently preparing so to do, the goods were attached as the property of the plaintiff by another officer, on a writ sued out against the plaintiff by O. A. Richardson, and were delivered into the attaching officer's hands.

Upon the evidence, the court instructed the jury, "that if they were satisfied that the taking and carrying away were proved, and the defendant failed in his justification, they should find a verdict for the plaintiff; but that, if they were satisfied that a demand was made upon the defendant to

27 *

restore the goods, to which he assented, and intended, in good faith, to return the goods according to the demand, but before a reasonable time for this purpose had elapsed, they were attached, and taken from the defendant into the custody of the law, the measure of damages would be the same as if they had been actually returned according to the agreement; and that, in this case, the measure would be the injury sustained by the plaintiff, from the taking and detention of the goods to the time of the attachment, and that the defendant would not be liable for any portion of the value of the goods, although it might not be shown that the goods ever after went to the use of the plaintiff."

The plaintiff, in answer to an inquiry from the court, stated that he did not claim vindictive damages. A verdict was returned for the plaintiff for $10·58 damages, and he alleged exceptions to the instructions of the court. ·

*B. F. Butler*, for the plaintiff. The goods being taken without justification, there was a conversion of them, and the value of them was the true rule of damages. There cannot be a reduction of damages, in such case, unless it be shown that the goods went to the plaintiff's benefit. *Hanmer* v. *Wilsey*, 17 Wend. ·91. *Otis* v. *Jones*, 21 Wend. 394. *Higgins* v. *Whitney*, 24 Wend. 379. *Squire* v. *Hollenbeck*, 9 Pick. 551. *Pierce* v. *Benjamin*, 14 Pick. 356.

Many of the articles were not attachable — as appears on the writ describing them — and therefore the attachment should not reduce the damages.

*Hopkinson*, for the defendant, cited *Irish* v. *Cloyes*, 8 Verm. 30, and *Barron* v. *Davis*, 4 N. Hamp. 338.

SHAW, C. J. This was trespass *de bonis asportatis* against the defendant, who is a constable, charging the unlawful taking of the goods specified. It appears that the goods were taken from the plaintiff's house, by the defendant, whilst in the execution of a search warrant; but not being the goods specified in the warrant, the taking was not justified by it, and was of course a trespass. It was, however, probably not a case for exemplary damages, and any claim to such damages was waived.

It appears to us that the directions given by the court were strictly correct in point of law, and qualified with great precision and accuracy. Had the goods been in fact returned to the plaintiff, it would not have purged the trespass, nor barred the action ; but it would have prevented the plaintiff, if they had been restored in as good a plight as when taken, from recovering the value in damages. *Greenfield Bank* v. *Leavitt*, 17 Pick. 1. 1 Rol. Ab. 5. *Moon* v. *Raphael*, 2 Scott, 489, and 2 Bing. N. R. 310.

The instruction excludes all collusion, between the defendant and the attaching creditor or officer, to cause or expose the goods to be attached. The plaintiff had demanded the goods, the defendant had yielded to that demand, and whilst preparing to deliver them, they were attached as the property of the plaintiff, and taken into custody by the attaching officer. The property was thus in the custody of the law by legal process, which the defendant could not resist or control. They went to the plaintiff's benefit, as much as if they had been returned, and such application operates to the same extent in mitigation of damages. *Squire* v. *Hollenbeck*, 9 Pick. 551. *Pierce* v. *Benjamin*, 14 Pick. 356. That they must enure to his benefit seems obvious. The plaintiff's case assumes that the goods were his property. They were attached as his. If the creditor recovers judgment and takes them in execution, they go to pay his debt ; if not, they are laid up in the custody of a responsible officer of the law for his use, to be delivered on demand. In no event could the defendant claim them.

Another point was suggested at the bar, namely, that some of these goods were by law exempt from attachment. But no such point was made at the trial, and no inquiry took place into the facts in relation to it. Besides ; if it were so, this defendant is not responsible for it ; the plaintiff's remedy is against the attaching officer. *Buckingham* v. *Billings*, 13 Mass. 82.

*Exceptions overruled.*