Ford *v.* Johnson.

———————◆———————

FORD *vs.* JOHNSON and BARRETT.

A *threshing machine* is not exempt from levy and sale on execution, under the act of April 11, 1842, to extend the exemption of household furniture and working tools from distress for rent, and sale under execution.

EXCEPTIONS ordered to be heard at general term, in the first instance.

*McKay & Farnam,* for the plaintiff.

*Comstock & Healy,* for the defendants.

*By the Court,* DAVIS, J. The only question in this case, is whether a threshing machine is exempt from levy and sale on execution, under chap. 157 of the laws of 1842, as amended by chap. 134 of the laws of 1859.(*a*) That statute exempts from such sale "necessary household furniture and working tools and team owned by any person being a householder, or having a family for which he provides, to the value of not exceeding two hundred and fifty dollars."

The plaintiff's threshing machine was seized, with certain other property, by the defendants, on execution, and this action was brought to recover the value of the property taken. The court charged that the threshing machine was not ex-

(*a*) *Laws of* 1842, *p.* 193; *Laws of* 1859, *p.* 343.

Ford *v.* Johnson.

empt; to which charge the plaintiff duly excepted. The plaintiff had a verdict for the value of certain other articles of property; but under the charge, the jury excluded the value of the machine.

It was proved on the trial "that said threshing machine was five rods long from one end to the other, and was propelled by horse power, and it required eight or ten horses, and the power of that number to use or operate the said machine; and that it required ten men to attend the said machine, and to conduct and manage the same when in operation."

It is insisted by the plaintiff that this threshing machine is a "working tool," within the definition of that term as used by the act of 1842. That act has received a liberal construction from the courts. The word team has been held to embrace a buggy wagon or gig used by a physician in his practice; a horse and cart used by a carman in his business; a single harness necessary in the business of the owner; and the single horse of a physician. (*Wheeler* v. *Cropsey,* 5 *How.* 288. *Lockwood* v. *Younglove,* 27 *Barb.* 505. *Eastman* v. *Caswell,* 8 *How.* 75. *Harthouse* v. *Rikers,* 1 *Duer,* 606. *Hutchinson* v. *Chamberlin,* 11 *Leg. Obs.* 250.) And it is undoubtedly the duty of the court, since these acts " concern the public good," to give them an enlarged and liberal construction. (*Carpenter* v. *Herrington,* 25 *Wend.* 370.)

I have examined the question involved in this case in the spirit of the rule laid down by the courts in the several cases cited, but have been unable to bring my mind to the conviction that the complicated machine, described in the case, is within the most liberal definition of the words " *working tools;*" or that the legislature intended those words should have a signification broad enough to cover it. The common understanding of those words would never embrace such a machine. If the plaintiff were to sell to another all his working tools, by that description, it would not be thought by him or the purchaser that it included his threshing machine.

The word " tool" is never applied to such a machine. No lexicographer can be found who gives such a signification to the word, or defines it in any way that would justify its use in that sense. The courts, so far as I am able to find, have not enlarged the sense of those terms sufficiently to include the machine in question.

In *Buckingham* v. *Billings*, (13 *Mass. R.* 82,) it was held that a printing press was not a *tool*, and therefore not exempt under the statute of that state, which provided " that the tools of any debtor, necessary for his trade or occupation, shall be altogether exempted from attachment and execution."

In *Danforth* v. *Woodward*, (10 *Pick.* 423,) it was held that printing types and forms were not tools, and were not exempt from attachment; and Wilde, J. said: " The word tool is not understood, either in its strict meaning or popular use, as designating complicated machinery, which, in order to produce any useful effect, must be worked by combining distinct parts, or separate pieces, the aid of more hands than one being necessary to perform the operation."

In *Kilburn* v. *Deming*, (2 *Verm. R.* 404,) it was held that a portable machine called a " Billy and Jenny," used for spinning and manufacturing cloth, was not a *tool*, and not exempt.

In *Bachelder* v. *Shapleigh*, (1 *Fairf.* 135,) a mill saw was held not to be a tool. " It is not," said the court, " an instrument worked by hand, or by muscular power, but part of a mill propelled by water."

In the case at bar, the machine required " a horse power," and the use of eight or ten horses and ten men, for its propulsion. Without all these it could be applied to no practical use, and would be valueless as a means to provide for the support of the plaintiff's family.

It may be very proper for the legislature to extend the exemption laws so far as to exempt machinery used, as this was, in the ordinary avocations of life ; but that question is for them to determine. Under the present laws of the state, I

feel bound to hold that the statute is not broad enough to exempt the property in question.

The motion for a new trial should be denied, with costs, and judgment ordered on the present verdict, for the plaintiff.

[ERIE GENERAL TERM, February 11, 1861. *Marvin, Davis* and *Grover,* Justices.]