# WILLIAM R. SEELEY *v.* REESE B. GWILLIM.

The "implements of a debtor's trade," within the meaning of the statute exempting them from execution, are the tools of a mechanic used in carrying on his business.

And such tools are exempt although of an improved and expensive character.

But they must be strictly tools, in contradistinction to machinery.

The fact that a mechanic, while carrying on a trade, is also a manufacturer, will not prevent the exemption of such tools as he uses in person in his trade. Nor will the fact that he is carrying on a trade extend the exemption to implements used by him as a manufacturer.

A debtor carried on the business of book binding and manufacturing blank books, working himself and employing four hands. He had sundry machines for doing different parts of the work, all of which were operated by hand, and all of which, as well as the tools used, would have been needed if he had done the work alone. Held that the machines were not exempt, but that all the tools were.

And held that a stove, desk, chairs and other furniture used by him in his shop, were not to be regarded as implements of his trade and were not exempt.

A reference in a declaration to a schedule of articles attached to the declaration, instead of a description of them in the body of the declaration, is of very doubtful sufficiency The defect, if it be one, is one of form, to be taken advantage of only by special demurrer.

As to the allowance of costs where in replevin judgment is rendered for the plaintiff for a part of the property and for the defendant for the return of a part, see note at the end of the case.

REPLEVIN, for property claimed to be unlawfully detained by the defendant; brought to the Superior Court in New Haven County. The defendant pleaded the general issue, which was closed to the court, with notice that he held the articles in question as trustee under an assignment in insolvency made by the plaintiff.

The articles claimed were no otherwise described in the declaration than by reference to a schedule attached to it, the language used being " certain goods and chattels, to wit, as per schedule annexed." The court found the following facts.

The articles claimed with their values, are as follows : One ruling machine, $225; one paging machine, $105; one cutting machine, $250; one stabbing machine, $40; one backing machine, $3; one standing press and boards, $20; one type case and type, $20; one type case and type, $12; one

plow and three presses, $7.50; one finishing press, $1.75; one squaring board and press, $20; two sewing benches, $4.50; two pairs of table shears, $40; one pair of tinner shears, $5; thirty fillets and rods, $45; two pallets, $3.50; three gold burnishers, $3; one set of stamps, $12; two backing irons, $2; one glue pot, 50 cents; one porcelain kettle and brush, 50 cents; one grind stone, $4.50; two gas stoves, $2; one large base burner stove, $45; thirty feet of stove pipe, $5; six stools, $3; six chairs, $5; eight work benches, $10; two writing desks, $35; one book case, $15; one round table, $2.50; one canvas sign, $10; two naphtha lamps, $3; five oil lamps, $2.50; one gold cushion, $1; two coal hods, $1; one letter scale, 25 cents; one sponge glass, 25 cents; one seal stamp, $3.

On the 30th of March, 1872, the plaintiff assigned his property for the benefit of his creditors, under the insolvent laws of this state, to the defendant, excepting from the operation of the assignment such property as is excepted by statute. The defendant was duly appointed assignee and thereupon took possession of the property assigned, including the property in dispute, and caused the same to be inventoried with the knowledge of the plaintiff; but the plaintiff did not intend thereby to give to the assignee any property which he might lawfully retain under the statute, and did not waive any of his legal rights.

At the time of the assignment the plaintiff was, and for several years had been, and still is, engaged in the business of book-binding and manufacturing blank books. Most of the business done by him is job work upon orders. Some small blank books, pass-books, memorandum books, and the like, were made up by him and kept for sale. Articles of that description assigned and embraced in the inventory were appraised at about $270. Prior to the assignment he sometimes employed four hands besides himself.

All the machines included in the schedule were operated by hand, although similar machines are sometimes operated by steam and water power. The plaintiff works at the trade with his own hands. To carry on the business to advantage

all the articles are needed, although the stoves, tables and furniture generally are not exclusively adapted to that kind of business, and the cutting machine is equally well adapted to other kinds of business and was made to take the place of the plow and press.

The articles in dispute are valued at about $1,000, but a complete set of new machinery and tools, necessary to carry on the business conveniently, would cost $2,000 or more.

One person working at the business would require all these articles, while four or more persons might work with them to advantage.

The plaintiff claimed that all the property was exempt from attachment and execution. The defendant claimed as trustee only, and denied that any of it was so exempt.

Upon these facts the case was reserved by the Superior Court for the advice of this court.

*Cothren*, for the plaintiff.

1. This statute is a remedial one, passed for a humane purpose, and ought to be liberally expounded in furtherance of the benevolent objects for which it was enacted. *Patten* v. *Smith*, 4 Conn., 450; *Atwood* v. *DeForest*, 19 id., 519; *Montague* v. *Richardson*, 24 id., 338, 348.

2. These implements were used for doing job work, and making small blank work to order for the supply of the neighborhood, and not for the foreign market. The plaintiff was a mechanic, working with his own hands, needing all his implements for the use of himself alone, and was not a manufacturer. The implements were tools, used by hand, and not machinery run by water or steam power. There is in this case every element of exemption required by the most rigid decision ever pronounced by our highest court upon this subject. *Atwood* v. *DeForest*, 19 Conn., 513.

*Terry* and *Gwillim*, for the defendant.

1. The statute exempting certain property of a debtor from the reach of his creditors, being in derogation of the common right of creditors, should receive a strict construction. *Buck-*

*ingham* v. *Billings*, 13 Mass., 85; *Danforth* v. *Woodward*, 10 Pick., 427. In the construction of such statutes the intention of the makers should be considered. The *tools* of a debtor's trade were few and simple when the statute was passed. They have since been largely superseded by machines; but the original exemption cannot cover the machines. *Henry* v. *Sheldon*, 35 Verm., 430; *Buckingham* v. *Billings*, 13 Mass., 86; *Knox* v. *Chadbourne*, 28 Maine, 179; *Bachelder* v. *Shapleigh*, 1 Fairf., 135; *Atwood* v. *DeForest*, 19 Conn., 517.

2. There can be no judgment rendered against the defendant in this case. The description in the declaration is bad for uncertainty. " Certain goods and chattels, to wit, as per schedule annexed," does not properly describe the property sought to be replieved; and the schedule is no part of the declaration. *Snedecker* v. *Quick*, 6 Halst., 179; *Maggee* v. *Liggerson*, 4 Blackf., 70; *Pope* v. *Fillman*, 7 Taunt., 642; *Sandford* v. *Nichols*, 13 Mass., 286; *Kinder* v. *Shaw*, 2 id., 398.

CARPENTER, J. It seems that the plaintiff is not only carrying on a trade, as that word is defined and explained by this court in *Atwood* v. *DeForest*, 19 Conn., 513, but is also a manufacturer. His being a manufacturer does not prevent the statute from operating to exempt the implements of his trade so far as they are used by him in person. On the other hand the fact that he is carrying on a trade will not extend the provisions of the statute to articles employed by him as a manufacturer merely.

A portion of the articles enumerated in the schedule are clearly implements of his trade; and in respect to them the plaintiff is entitled to recover. Other articles enumerated, machinery and furniture, however useful and convenient they may be, are clearly not implements within the meaning of that word as used in the statute. In the case above referred to it was held that " implements of the debtor's trade" are the tools of a mechanic used in carrying on his business; and in order to be exempt they must be tools in contradistinction to machinery. The law of that case, so far as it is applicable

—and it is applicable to the machinery—must govern this. Most of the machinery used by mechanics at the present day is comparatively of modern invention, and is often quite expensive, requiring in many cases considerable capital to carry on business successfully. An illustration of this fact is afforded in this very case. The whole property in dispute is worth about one thousand dollars, while a set of new machinery and tools would cost two thousand dollars and upwards. In *Montague* v. *Richardson*, 24 Conn., 338, it was held that another branch of the statute, that relating to household furniture, should not be construed so narrowly as to exempt only such articles as were necessary at the time of the passage of the act, but that it applied to articles necessary when levied on by the creditor. Applying that principle to a case like this, we should undoubtedly hold that improved and more expensive tools would be exempt; but when new methods and processes of manufacture are adopted, requiring numerous and expensive machines, adapted to manufacturing upon a large scale, it would be an unwarrantable extension of the statute to hold that it exempted such machines.

In respect to the stoves and furniture, although convenient, and in many cases necessary even, yet they are not peculiar to the plaintiff's trade, being required in other employments as well. It is true that many tools may be useful in different trades and still retain their character as tools of each trade, and be exempt accordingly; but stoves, chairs, tables, and the like, being common to most kinds of business, cannot in any proper sense be said to be the tools of any particular trade. To hold that they are, would extend the provisions of the statute beyond the plain import of the language used.

The practice of describing the property in dispute in actions of replevin, trespass, and the like, by a reference to a schedule attached to the declaration, is a practice that cannot be regarded with favor; and had the question been properly raised by the pleadings, it might have presented a serious obstacle to a recovery. But by pleading the general issue, and going to trial upon the merits, the defendant treated the schedule as

a part of the declaration and waived any exception to the form. In other words, the defect is a defect in *form*, and not in *substance*, and can be reached only by a special demurrer.

The Superior Court is therefore advised that the machines, stoves, and furniture, named in the schedule, are not implements of the debtor's trade, and that, in respect to those articles, the defendant is entitled to a judgment of return; and that the plaintiff is entitled to judgment in respect to he other articles named.

In this opinion the other judges concurred.

*Note.* When the case went into judgment in the Superior Court in accordance with the advice of the Supreme Court, a question arose as to the costs to be allowed, judgment having been rendered in part for each party. *Seymour, J.*, holding the court, allowed costs to both parties,—to the plaintiff for the writ, officer's fees, and half the court and clerk fees, with half the cost of copies and half the court fee in the Supreme Court; and to each party the fees of his own witnesses. The travel, attendance and attorney fees were balanced and disallowed.