## J. G. TUCKER v. C. G. NAPIER.

(No. 225, Tex. L. J., vol. 1, p. 201.)

APPEAL from Cameron County. Opinion by ECTOR, P. J.

§ 670. *Exempt property; burden of proof.* The property levied upon by virtue of the writ of attachment was: Two mowing machines for hay, one grass rake, one horse collar, two sets of harness, one harness and two horse collars, two monkey wrenches, one oil can, one brown horse and four bridles. Napier made a motion to quash the attachment, and accompanied the same by an affidavit, in which he stated substantially that his only occupation for the past fifteen years was that of a hay cutter, and that the property seized under the attachment is the necessary tools and apparatus in the exercise of his said trade and profession. The court sustained the motion to quash the levy of the writ of attachment, and release the property seized, because said levy was made upon property which was exempt from forced sale for debt. We think the court erred in granting this motion. A party claiming property that has been so levied on to be exempt from forced sale for debt must prove that it is exempt.

Amongst the property levied on was one horse, and this horse could not be held to be a tool or apparatus of his trade or profession.   Two horses are specially exempt to every family.   Defendant's affidavit in this case does not negative the idea that he had other horses besides the one levied on.   As to whether the property attached was exempt from forced sale for the debt of the defendant, was matter of proof to be made by defendant.

§ 671. *Plea in reconvention for an amount beyond the jurisdiction of the court.*   Where the amount pleaded in reconvention was beyond the jurisdiction of the court, it was error for the court to overrule plaintiff's motion to strike out said plea.

§ 672. *Exempt property; "tools;" "implements of husbandry."*   Amongst the articles of personal property exempted from forced sale by the statute are "all implements of husbandry," and all tools and apparatus belonging to any trade or profession.   [Pas. Dig. art. 6834.] Defendant insists that under any view of the case his property, upon which the attachment was levied, is exempt, whether as the " tools and apparatus belonging to his trade or profession," or as "implements of husbandry;" that certainly, if they are not exempt as the one, they are as the other, and he contends that they are exempt as both.   Let us keep in mind the fact stated by him, that his sole and only business is that of a mower of hay.   We believe that the "implements of husbandry " mentioned in the statute embraces the farming tools and implements of labor belonging to the family which are used in carrying on the farm; that it does not exempt a mowing machine for grass.   Such a machine is not a "tool" belonging to the trade of a mower of grass.   An ordinary scythe blade or grass blade, used by a person whose occupation is that of a grass mower, would be exempt from forced sale for his debts.   So complicated a piece of machinery as a mowing machine cannot be held to be a tool belonging to his trade or occupation.   In the case of Ford v. Johnson, 34 Barb. 364, the court held that

a threshing machine, requiring eight or ten horses for its propulsion, and ten men to work it, was not exempt. In that case it is said: "The word 'tool' is never applied to such a machine. No lexicographer can be found who gives such a signification to the word, or defines it in any way that would justify its use in that sense. The courts, so far as we have been able to find, have not enlarged the sense of those terms sufficiently to include the machine in question." In Buckingham v. Billings, 13 Mass. 82, it was held that a printing press was not a tool, and therefore not exempt. In Danforth v. Woodward, 10 Pick. 423, it is said: "The word tool is not understood, either in its strict meaning or popular use, as designating complicated machinery, which, in order to produce any useful effect, must be worked by combining distinct parts or separate pieces, the aid of more hands than one being necessary to perform the operation." In Batchelder v. Shapleigh, 10 Me. 135, a saw mill was held not to be a tool, because it was not an instrument worked by hand or muscular power. So in Seeley v. Gwillim, 40 Conn. 170, it was held that the terms tools and implements do not include machinery, but do include tools of improved and expensive character.

Nor do we b lieve that a mowing machine is embraced in the terms "apparatus belonging to any trade or profession." Mr. Webster gives the following definition of "apparatus:" "Things provided as a means to some end, as the tools of an artisan, the furniture of a house, instruments of war. In more technical language, a complete set of instruments or utensils for performing any operation or experiment." The word apparatus is not understood, either in strict meaning or popular sense, as designating a complicated piece of machinery. Such exemptions being remedial, should, so far as practicable, be construed beneficially to the debtor, as just and humane provisions against rapacity and cruel exactions of creditors. Courts are not, however, in any case, for whatever object, to strain the law beyond its fair and just meaning. This

would be especially inexcusable in this state, in which the law, upon any fair construction, places debtors beyond the reach of the rapacity or cruelty of creditors, not only with regard to the necessaries, but reasonable comforts, and many of the conveniences, of life.

January 26, 1878.    Reversed and remanded.

NOTE.— Compare this section with § 1070, *post.*