THRESHER v. McEVOY et al. (No. 7435.)

(Court of Civil Appeals of Texas. Galveston. Feb. 9, 1917.)

EXEMPTIONS ⚖==45—"TOOL"—"APPARATUS."

A well-drilling rig, consisting of boiler, engine, rotary, pumps, and other parts of complicated machinery, held not a tool or apparatus exempt to an oil driller from execution sale.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 56–61.

For other definitions, see Words and Phrases, First and Second Series, Apparatus; Tool.]

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit for injunction by J. M. Thresher against J. H. McEvoy and another. Judgment for defendants, and plaintiff appeals. Affirmed.

D. H. Hardy, of Houston, for appellant. H. F. Montgomery, of Houston, for appellees.

LANE, J. This suit was instituted by J. M. Thresher, plaintiff, against J. H. McEvoy and M. F. Hammond, sheriff of Harris county, to restrain them, or either of them, from

selling a certain well-drilling rig under and by virtue of an execution issued upon a judgment in favor of said McEvoy against plaintiff Thresher, or from otherwise interfering with plaintiff's control and possession of the same by reason of such execution.

Plaintiff alleged that he is now and has been for the past 15 years an expert well driller; that his trade or calling is that of an oil well driller; that this is his sole and only occupation; that on and prior to the 29th day of September, 1916, he was the owner of an oil well or deep well-drilling rig and outfit, and that he has no other such rig; that the same is exempt to him from forced sale for the payment of his debts under the laws of this state, which exempts "all tools, apparatus, and books belonging to any trade or profession."

Upon hearing in chambers, the trial court found that the property in question was not exempt from forced sale under execution, and refused the injunction prayed for, but continued in force a restraining order pending this appeal. From such refusal of said injunction J. M. Thresher has appealed.

The undisputed evidence shows: That at the time said well-drilling rig was levied on by Sheriff Hammond, plaintiff Thresher was engaged in the trade or business of drilling oil wells in south Texas. That he had been engaged in drilling wells for about 15 years, and was an expert at such business. That he owned the well-drilling rig levied upon by said sheriff, and that he owned no other rig. That said rig included parts as follows: Boiler, weight approximately 10,000 pounds, value $700; engine, weight approximately 3,500 pounds, value $400; rotary, weight approximately 3,500 pounds, value $500; pumps (2), weight approximately 2,500 pounds, value $300 each, total $600; draw works, weight approximately 2,500 pounds, value $500; swivels (2), weight approximately 500 pounds, value $250 each, total $500; crown block, weight approximately 1,500 pounds, value $100. That the approximate weight of the major parts of such an oil well-drilling rig is 28,000 pounds, or 14 tons, and the approximate value thereof $3,300. That in addition to such major parts there are many minor parts indispensable to the operation of a drilling rig such as the one involved in this action. That such a drilling rig is large, expensive, and complicated steam propelled machinery. That it is incapable of operations without the agency of steam, none of its functions being capable of operation by hand. That the usual and customary crew required to operate such a drilling rig is five men, the driller and four others. That the driller operates by hand a lever which turns on and off the steam, and he occasionally renders assistance to the helpers. That such a drilling rig is incapable of operation by one man. That the vocation of an oil well driller is one requiring great skill, and the drillers are habitually employed for their skill. That it is not the universal custom in the oil business for a driller to furnish a rig when employed to drill a well. That ordinarily a drilling rig rents for a greater sum per month than the salary paid a driller. That drillers do not usually own drilling rigs, but occasionally do. That drillers can and do successfully pursue their vocations without owning a drilling rig. That an execution had been issued upon a judgment in favor of defendant McEvoy against plaintiff Thresher, which had been placed in the hands of defendant Hammond and by virtue of which he had levied upon all the parts of said well-drilling rig, and was preparing to sell same to satisfy said execution when he was restrained from so doing by a temporary restraining order granted by the court.

The only question presented for our decision is: Is the well-drilling rig in controversy exempt to appellant Thresher from forced sale for the payment of a judgment against him, under the exemption laws of this state? While the courts of this as well as other states which have similar statutes to ours have, very properly, been exceedingly liberal in construing exemption statutes favorable to the debtor, we have been unable to find a decision of any court which has been so liberal in its construction of such statutes as to hold that machinery, such as that in controversy in this case, was either a "tool or apparatus belonging to any trade or profession," as those terms are used in exemption statutes. The nearest approach to such holding is that line of cases which hold that a printing press, type, cases, etc., of an editor and publisher of a newspaper is exempt as tools and apparatus of his trade or profession. It has been held that the apparatus belonging to the trade of a publisher must of necessity include the press, type, cases, etc., which are essential to the conduct of that business. Green v. Raymond, 58 Tex. near bottom of page 83, 44 Am. Rep. 601. But as shown by the undisputed facts in the present case, a well-drilling rig is not generally owned by a well driller, but, on the contrary, for such rig to be owned by such driller was a very unusual thing.

The decision in the case of Green v. Raymond, supra, which appellant strongly relies upon to support his contention that the well-drilling rig in controversy is exempt as a "tool or apparatus" belonging to his trade or business, was made in 1882, at which time printing presses were generally of simple construction and were generally, if not universally, propelled by hand, and were not then expensive, ponderous, and complicated machinery propelled by steam power, as printing presses are now constructed and propelled. We therefore think it entirely doubtful that if the question as to whether or not the printing presses, together with the motive power necessary to propel the same, and other appurtenances thereto, in general use at the present day, constituted tools or

apparatus belonging to the trade or business of an editor and publisher of a newspaper, and exempt from forced sale under our exemption laws, was now submitted to the courts they would hold them to be exempt as such tools or apparatus.

In the case of Willis v. Morris, 66 Tex. 628, 1 S. W. 799, 59 Am. Rep. 634, Judge Gaines, speaking for our Supreme Court in 1886, says:

"Expensive and complicated machinery propelled by steam power, or any power other than hand, is not exempt as 'tools of trade,' the latter phrase being held to apply only to simple instruments used by hand. Thompson's Homestead and Exemptions, § 756. The word 'apparatus' used in the statute may take a wider range and embrace such minor machinery as may be operated by hand, and such as courts of high authority have held not to be included under the term 'tools' as used in similar enactments. Buchingham v. Billings, 13 Mass. 82; Sallee v. Waters, 17 Ala. 482."

In Tucker v. Napier, 1 White & Wilson C. C. § 670, it is held that a mowing machine, a hay rake, and harness necessary to operate the same, wrenches and oil cans used in connection with said mowing machine, were not exempt to one who had been engaged in the business of cutting and storing hay for 15 years as his only occupation, as tool or apparatus of his trade or business. It is there declared that a mowing machine is not a "tool" belonging to the trade of a mower of grass; that so complicated a piece of machinery as a mowing machine cannot be held to be a tool belonging to his trade or occupation. In Ford v. Johnson, 34 Barb. (N. Y.) 364, the court held that a threshing machine, requiring horses for its propulsion and ten men to work it, was not exempt; that the word "tool" is never applied to such machinery as a thresher. Again in Tucker v. Napier, supra, it is said:

"The word 'tool' is not understood, either in its strict meaning or popular use, as designating complicated machinery, which, in order to produce any useful effect, must be worked by combining distinct parts or separate pieces, the aid of more hands than one being necessary to perform the operation. In Batchelder v. Shapleigh, 10 Me. 135 [25 Am. Dec. 213], a sawmill was held not to be a tool because it was not an instrument worked by hand or muscular power. So in Seeley v. Gwillim, 40 Conn. 106, it was held that the terms 'tools' and 'implements' do not include machinery, but do include tools of improved and expensive character. Nor do we believe that a mowing machine is embraced in the terms 'apparatus belonging to any trade or profession.' Mr. Webster gives the following definition of 'apparatus': 'Things provided as a means to some end, as the tools of an artisan, the furniture of a house, instruments of war. In more technical language, a complete set of instruments or utensils for performing any operation or experiment.' The word 'apparatus' is not understood either in strict meaning or popular sense as designating a complicated piece of machinery. Such exemptions, being remedial, should, so far as practicable, be construed beneficially to the debtor, as just and humane provisions against rapacity and cruel exactions of creditors. Courts are not, however, in any case, for whatever object, to strain the law beyond its fair and just meaning. This would be especially inexcusable in this state, in which the law, upon any fair construction places debtors beyond the reach of the rapacity or cruelty of creditors, not only with regard to the necessaries, but reasonable comforts, and many of the conveniences, of life."

In Comer v. Powell, 189 S. W. 88, after quoting from Willis v. Morris, 66 Tex. 628, 1 S. W. 799, 59 Am. Rep. 634, the court says:

"Upon this authority we hold that the threshing outfit was not exempt property."

See, also, A. & E. Ency. vol. 12, p. 119; Thompson on Homestead and Exemptions, p. 756.

If a mowing machine and thresher, as held by the courts, is of a class of machinery too complicated to be classed as a tool or apparatus belonging to a trade or occupation, then how can it be contended, much less held by this court, that such complicated machinery as that in controversy in this case is such tool or apparatus? We decline to uphold the contention of appellant that a well-drilling rig such as described herein is either a tool or apparatus belonging to a trade or profession.

The judgment of the trial court is affirmed. Affirmed.