## G. Thorndike Trull *vs.* City of Lowell.

Middlesex.    March 19, 1923. — May 22, 1923.

Present: Rugg, C.J., DeCourcy, Crosby, Pierce, & Carroll, JJ.

*Tax*, Motor truck of farmer.    *Words*, " Farming utensils."

Motor trucks, used by a farmer solely for the operation of the farm and re-
   quired in carrying fertilizers to and over the farm, in gathering vegetables
   and other farm products raised on the farm and in transporting the farm
   products to the market for sale, are not " farming utensils " and are not
   exempt from taxation under G. L. c. 59, § 5, cl. 20.

COMPLAINT under G. L. c. 59, § 65, filed in the Superior
Court on May 6, 1922, for the abatement of a tax assessed
upon certain motor trucks used by a farmer.

In the Superior Court, the case was heard by *Sisk*, J.,
upon an agreed statement of facts. Material facts are
described in the opinion. The judge found for the respond-
ent and reported the action for determination by this court.

   *J. M. O'Donoghue*, for the complainant.

   *J. J. O'Sullivan*, for the respondent.

   CROSBY, J. This is a complaint under G. L. c. 59, § 65,
in the nature of an appeal from the refusal of the assessors
of the city of Lowell to abate a tax alleged by the complain-
ant, a farmer, to have been unlawfully assessed upon four
automobile trucks which were used by him " solely for the
operation of the farm and were required in carrying ferti-
lizers to and over the farm, in gathering vegetables and other
farm products raised on the farm and in transporting the
farm products to the market for sale." The assessors for
purposes of taxation valued the trucks on April 1, 1921, at
$2,700 and assessed the complainant as the owner for the
sum of $84.78. The case was heard on an agreed statement
of facts by a judge of the Superior Court, who found for the
respondent and reported the case to this court.

   The question is, whether the trucks are exempt from taxa-
tion as " farming utensils " under G. L. c. 59, § 5, cl. 20.

The first tax statute passed after the adoption of the Constitution (St. 1780, c. 43) contained an exemption similar to that now under consideration. It was therein provided that " farming utensils " should be exempt from taxation. The question as to what articles come within the terms of this statute is sometimes one of great perplexity and difficulty. In the early case of *Buckingham* v. *Billings,* 13 Mass. 82, it was held that the tools of a debtor necessary to his trade or occupation exempted from attachment and execution did not include a printing press, type and cases; in that case it was said at page 86, that " It is not to be supposed, that it was designed to comprehend within the terms *tools* (which are properly small articles used by the hand) complicated machinery or expensive utensils, which may, of themselves, be of great value." *Danforth* v. *Woodward,* 10 Pick. 423. See also *Redemptorist Fathers* v. *Boston,* 129 Mass. 178; *Third Congregational Society of Springfield* v. *Springfield,* 147 Mass. 396; *Boston Lodge Order of Elks* v. *Boston,* 217 Mass. 176. In *Day* v. *Lawrence,* 167 Mass. 371, the question was whether certain household furniture was exempt from taxation under the statute. In mentioning the articles referred to in the statute it was said at page 372: " These were kinds of property which every taxpayer might have, and the complete exemption of which would have little effect upon the incidence of the whole tax, but would leave it substantially equal and proportionate, and the exemption was granted notwithstanding two of the classes of property, farming utensils and mechanics' tools, were used in getting a living."

It is the policy of our tax statutes that all property of the inhabitants of the Commonwealth should contribute in fair and just proportion to the expense of government. *Redemptorist Fathers* v. *Boston, supra. Opinion of the Justices,* 195 Mass. 607, 609. *Sullivan* v. *Ashfield,* 227 Mass. 24. Having in mind this policy, and that the burden is on the complainant to show that he is clearly entitled to the exemption, we are of opinion that he has failed to sustain that burden. This court has already decided that the statute relating to exemptions from attachment and execution was not intended

to include complicated machinery or expensive utensils. *Buckingham* v. *Billings, supra.* We are of opinion that the reasoning in that case applies with equal force to the facts in the case at bar. Although automobile trucks are now extensively used, of course their use as farming utensils was not contemplated by the Legislature when the statute was originally enacted, nor is it broad enough to include them. They are a modern invention and we are unable to say that such use, at this time, is common and usual by farmers; but if such use is universal, we are of opinion that they cannot properly be held to be exempt from taxation in the absence of legislative pronouncement to that effect. The statutes relating to this subject in other jurisdictions are in some instances so dissimilar from the one under consideration that decisions construing them rendered by other courts afford but little assistance in determining the question presented. See *Ford* v. *Johnson,* 34 Barb. 364; *Eastern Manuf. Co.* v. *Thomas,* 82 S. C. 509. In accordance with the report judgment is to be entered for the respondent.

*So ordered.*