May Term,
1861.
_____
NORMAN
v.
BELLMAN.

*B. W. Wilson*, for the appellants.

*James Gavin* and *Oscar B. Hord*, for the appellees.

---

## NORMAN v. BELLMAN and Others.

An execution debtor, at the time of the levy of an execution upon his property, and at the time of the sale thereon, had left the house where he had resided with his family, to avoid criminal process, and though frequently seen in the county, his usual whereabouts were unknown. His property remained in the house he had lately occupied, but his family were temporarily at the house of his brother.

*Held,* that these facts did not justify the conclusion that the execution debtor had ceased to be a resident householder, or had lost his right to the benefit of the exemption law.

*Thursday,*
*May 30.*

APPEAL from the *Miami* Circuit Court.

HANNA, J.—Suit on a constable's bond. The breach assigned was that he had, in violation of his duty, levied upon and sold property claimed as exempt from execution.

On the trial, the Court found the facts, and the conclusion of law thereon, as follows:

"It is proved that the articles set out in the complaint, as levied on and sold by the constable, were of the value charged in the complaint, and were so levied on and sold as charged; that the wife of the execution defendant, acting as his agent, both at the time of the levy and on the day of sale, claimed the said property as exempt from execution, the husband having less than $300 worth of property, including the articles levied on and sold; that the whole amount of personal property owned by the execution defendant was about $150; that at the date of the levy and sale (*February*, 1859), the execution defendant had left his house, where with his wife and child he had previously resided, for the purpose of avoiding

process in a criminal prosecution against him, and though frequently seen in the county, his usual whereabouts were unknown; that at one time during this period he was at home for a period of two weeks, and then absented himself as before; that during this time, while the household goods of the execution defendant remained in the house which he had occupied previously with his family, his wife and child, by a contract made by him with his wife's brother, were living a part of the time at the house of his brother, and a part of the time at his father's; that this temporary removal to their houses was rendered necessary in consequence of her delicate situation, she being about to be confined in child-bed; that for providing for them a place and sustenance, the execution defendant told his wife's brother he might have all his household goods; that he was skulking about from place to place, to avoid process in a criminal prosecution, and never afterward lived with his family in a separate house, held by him for that purpose, but met her occasionally at their usual place of residence; that he, in the month of May, left the State, taking with him his family, and has since been absent continuously until this time. Upon these facts the conclusion of the Court as to the law is, that he was not at the time of the levy made by the defendant, nor at the time of the sale, a resident householder of *Miami* county, within the meaning of the statute; and consequently not entitled to the exemption law."

The conclusion of the Court is not sustained by the facts found. It has already been decided by this Court, that it is not requisite that a man should be in the possession of, and occupying a house to entitle him to the benefits of this statute; but that one in the act of removing from one part of the State to another part thereof, was so entitled.

In this case, the finding does not justify the conclusion, that the execution defendant was at any time, before the day of sale, without the limits of the State; even if that should have affected the conclusion. His family were part of the time in the house provided by him, and part of the time temporarily at their friends. This does not show—is far from showing—that he had changed, or lost his residence; nor do we

May Term, 1861.

NORMAN
v.
BELLMAN.

May Term,  think that it establishes that he had ceased to be a house-
1861.      holder within the meaning of the act under consideration.

FOSTER         *Per Curiam.*—The judgment is reversed, with costs.
v.         Cause remanded, &c.
DRYFUS.
               *N. O. Ross* and *R..P. Effinger*, for the appellant.
               *Orris Blake*, for the appellees.