### GRAHAM *v.* CROCKETT.

No person who possesses one-eighth or more of negro blood, is competent to testify in any case where a white person is a party, either when produced as a witness for the white or colored party.

A man and his sister live together, both owning some personal property, and contributing toward their household expenses, the brother appearing to direct and control affairs: *Held*, that under such circumstances, a white man would be a householder.

In an action of replevin, for property claimed as exempt from execution, the party claiming it must prove its value, and that he furnished a schedule, and demanded to have the property set off.

APPEAL from the *Morgan* Circuit Court.

HANNA, J.—The appellants, as officers, had levied an execution upon a horse, the property of the appellee, who brought suit to recover the same, on the ground that it was exempt from sale, under the three hundred dollar act, of the benefit of which he alleged he had taken the proper steps to avail himself.

There was a trial and finding for the plaintiff; motion for a new trial on the ground that said finding was not sustained by the law and the evidence; motion overruled; judgment on the finding.

The main point argued by the appellants is as to rulings of the Court in excluding the evidence of two witnesses offered by them, who were not permitted to testify because they were persons of color—mulattoes; the appellee being a negro, and the appellants white persons. It is insisted, that in a suit wherein one party is white, and the other colored, the white party may introduce a colored witness against the other party, but the colored party can not introduce the same or other witnesses of like color against the white party.

The statute is, that "no person having one-eighth or more of negro blood, shall be permitted to testify as a witness in

Graham *v.* Crockett.

any cause in which any white person is a party in interest."
Acts 1853, p. 60.

Perhaps the ruling in excluding this evidence does not
fairly come in question under the reasons for a new trial, and
therefore what follows upon that may be considered as ad-
vanced more as suggestion in the further progress of the case
than otherwise, as it will have to be reversed on another
point.

This statute, by its language, appears to be absolutely imper-
ative as to the exclusion in all cases where a party is white.
The reason for the rule would likewise lead to the same re-
sult in this, that it would not, in many instances, conduce to
the development of the facts, to permit one party to avail
himself of the evidence of a large class of witnesses that the
other party would be forbidden to introduce. The construc-
tion of the statute contended for by the appellant, if rigidly
carried out, might have excluded the plaintiff from cross-
examining the witnesses offered, if, by such examination,
facts would have been established damaging to the interests
of the appellants.

The evidence, it appears to us, was correctly rejected.

It is argued that the plaintiff was not a householder within
the meaning, and entitled to the benefit of, the statute. He
was shown to be over twenty-one years of age, unmarried,
he and his sister living together for several years, each own-
ing some personal property, and each, by their labor, contrib-
uting towards their household expenses, he appearing to direct
and control affairs. Under these circumstances we are of
opinion that a white man would be a householder.

The ruling upon this point was correct.

But the judgment must be reversed. The record professes
to contain the evidence in the case. There is nothing show-
ing that the plaintiff demanded to have his property set off,
or furnished a schedule, or proved the value thereof.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for new trial.

*W. V. Burns,* for the appellants.

*A. A. Barrickman,* for the appellee.