# IN GENERAL TERM, 1874.

JOHANNA SULLIVAN v. JOHN W. CANAN.

HOUSE-HOLDER—*defined.*

In a proceeding supplemental to execution, to subject certain property to the payment of a judgment, the defendant averred that what he had, had been set off to him as exempt, he being a house-holder.   He testified, "the property (furniture) is all I own; it is in the use of myself, and wife, and little daughter; we occupy rooms in the hotel, and have the furniture in the rooms; we take our meals at the hotel table with other guests; I pay my son-in-law no board; I have nothing to pay with."

Upon this statement of facts, the question turned upon the construction of the meaning of the statute exempting property of house-holders from execution, or what constitutes a house-holder.   The Court

*Held:* It is not necessary that the head of the family should own, or rent an entire structure; he may live with his family in a part of a building, in one room of it, and so long as he keeps his family together, as a family, seperate, as a little community from others, he is a house-holder, and entitled to the benefit of the exemption act.

Sullivan *v.* Canan.

*Held :* It is not necessary that the family should take their meals in the house in which they reside, nor that rent should be paid for such house, or part thereof, to constitute one a house-holder.

*Finch & Finch,* for appellant.

PERKINS, J.—Johanna Sullivan obtained a judgment against John W. Canan.    Execution was issued upon the judgment, and returned unsatisfied, no property being found subject to execution.

The plaintiff then caused said Canan to be ordered to appear in Court to answer as to his property subject to execution.

The defendant answered the complaint filed for the obtaining of the order above mentioned, giving a schedule of his property, and then answered that it had been set off to him, as exempt from execution, he being a house-holder.    The defendant was examined, and on his statement alone, the case was decided, the Court holding him to be a house-holder, and entitled to the property as exempt from execution.

His statement was as follows : " I became indebted to the plaintiff in 1867, or 1868.    I am still indebted to him. The judgment mentioned in the complaint is right.    I owe it, but cannot pay it.    The property I had at the Spencer House has all been sold on execution, except a small amount. It was sold by the Sheriff to Henry Guitig, and sold by him to Col. Gray, my son-in-law.    The property in the answer is all the property I own, and is in the Spencer House, except the harness and buggy.    It is in the use of myself, and wife, and little daughter.  We occupy rooms in the hotel, and have the furniture in the rooms.    We take our meals at the hotel table with other guests.    I pay my son-in-law (Col. Gray, proprietor of the Spencer House) no board.    I have nothing to pay with.    I am now in the rail-

Sullivan *v.* Canan.

road ticket office at $50 per month.    I have been there but a short time."

The Court below might have found that the defendant, Canan, was in the exclusive occupancy, without limit as to time, of certain rooms at the Spencer House, with his family ; that those rooms were furnished by himself, and under his control ; and the only question raised in the case is, was he, upon the state of facts presented, a house-holder, within the meaning of the act exempting property of house-holders from execution ?

The Statute does not define the term house-holder.    It leaves the work of definition to the judicial tribunals, as also the determination of what particular cases come within it ; and all the authorities concur in this, that considering the object of the statute, and its scope in application to given cases, should be liberal in favor of those claiming the benefit of the statute.    Who, then, within the intent and meaning of the statute, is a house-holder ?    A house-holder, in one sense of the term, is the owner, or occupier of a house, and a person may be either, and yet not be a house-holder within the meaning of the exemption statute.    The provision of the statute was enacted in favor of families.    A man's family is called his household, and the head, or master of such family may be called a house-holder.    Combining these definitions, a house-holder may, as a general proposition, be said to be the head of a family occupying a house.    Now in practical application, what cases do courts hold to be within the definition ?    It has been decided that the benefit of the statute may be claimed by one who is not occupying a house at the time, but is moving with his family from one house to another.    *Mark* v. *The State*, 15 *Ind.*, 98.    And that a man's family may consist of domestics, other than an wife, or wife and child, or children.    *Graham* v. *Crocket*, 18 *Ind.*, 119.    Also where one breaks up housekeeping for an

indefinite period of time, stores his furniture, and, with his family, leaves his place of residence intending, however, to return at some future time, and resume housekeeping, he is to be deemed a householder, within the exemption act, during his absence. *Griffin* v. *Southerland,* 14 *Barb.,* (*N. Y.*) 456. But the case at bar falls litterally within the definition. Canan had a family in a local habitation, a place of shelter, where "they remained together as a family, without being broken up and incorporated into other families;" *Woodard* v. *Murry,* 18 *John.,* (*N. Y.*) 400; and such place may be called their house, home, or residence. It is not necessary that the head of the family should own or rent an entire structure— he may live with his family in a part of a building, in one room of it, and so long as he keeps his family together, as a family, seperate, as a little community, from others, he is a house-holder, entitled to the benefit of the exemption act. It is not necessary that the family should take their meals in the house in which they reside, nor that rent should be paid for such house, or part thereof. We think the defendant was a householder.

Judgment affirmed.