## Thomas N. Bunnell v. James Hays et al.

*Exemption Law—Who is a Householder.*—A widower is to be regarded as a householder within the meaning of the exemption laws, although all his children may have arrived at full age, and left his domicile, leaving him, so far as wife, children or kinsmen are concerned, living alone. And where one loses his wife and employs a family to keep house for him, and he has but an adopted child dependent immediately on him for a support, he is entitled to the exemption. Nor does a temporary absence of the adopted child on a visit to its natural mother, deprive him of the protection of the law.

Filed May 27, 1881.

Appeal from White Circuit Court.

Opinion of the court by Mr. Justice Elliott.

Thomas N. Bunnell, the appellant, was the owner of the personal property involved in this controversy. He became a resident of White county, Indiana, in December, 1877, and continuously there resided until the trial of this action in the court below; his family, at the time he became a resident of said county, consisted of his wife and an adopted child. In March, 1878, appellant's wife died, thereafter appellant employed a family to keep house for him, he providing the house, the greater part of the furniture and nearly all the fuel and paying the persons who kept house for him, in addition the sum of $1\frac{30}{100}$ per week. The person or persons who kept house for him supplied the food, cared for appellant's room, and did his washing. An execution was issued against appellant on the 26th day of November, 1878, and on the 6th day of December of the same year was levied on the personal property in controversy. At the time the levy was made the child was living with appellant, but at the time of the trial was on a visit to its natural mother. Prior to the levy of the execution, appellant claimed his right to hold the property as exempt from execution, executed and tendered the proper schedule. The value of the property is less than three hundred dollars.

The question is: Was the appellant a resident householder, and entitled to have the property in controversy exempt from levy and sale upon execution?

As we gather from the record and brief of appellant—there

is none from the appellees—the claim of appellant to hold the property as exempt from execution, was denied upon the ground that he was not a resident householder, within the meaning of the law. The conclusion of the court below was erroneous. The appellant, during the life of his wife, was beyond all possibility of respectable controversy a resident householder, and the death of his wife did not deprive him of that character, nor of the legal rights belonging to it. No one, we think, we dare say, would seriously contend that a man, ceased to be a householder the instant his wife died, and yet, if her death determines his right to be considered a householder, that effect attached without an instant's delay. The child, although an adopted one, was dependent upon appellant for support. The appellant's home was that of the child, and the absence of the latter on a visit to its natural mother, did not change its domicile. *Guffin* v. *Sutherland*, 14 Barb. 456 ; *Ward* v. *Jones*, 20 Mo. 75; *Norman* v. *Bellman*, 16 Ind. 156. It was the duty of the appellant to support the child, which was his by adoption, and the case, therefore, falls within the rule sanctioned by many authorities, that he is to be deemed a householder upon whom rests the duty of supporting the members of his family or household. Thompson Homestead and Exemption, §§ 54, 46 ; Smith Homestead and Exemption, § 532.

The fact that the appellant secured the services of others to prepare and furnish food, and to take care of his furniture and rooms, did not take from him the character of householder. The employment of the persons for the purpose mentioned, was not, in effect, different from the hiring of servants, and paying them daily or weekly wages. In *Graham* v. *Crockett*, 18 Ind. 119, it was held, that where " a man and his sister lived together, both owning some personal property, and contributing toward their household expenses, and the brother appeared to direct affairs, that he was a resident householder, within the meaning of the act exempting property from seizure upon execution. In *Brown* v. *Stratton*, 8 Cent. L. J. 46, Brown leased the premises, retaining one room, the tenant furnishing and preparing food, and it was held that Brown was to be regarded as a householer. In many cases it has been held that a widower is to be regarded as a householder, although all his children may have arrived at full age and have left his

domicile, leaving him, so far as wife, children or kinsmen are concerned, living alone. *Kimbel* v. *Willis*, 12 C. J. 211; *Lilloway* v. *Brown*, 12 Allen, 84; ——— 11 Iowa, 226; *Meyers* v. *Ford*, 22 Wis. 139; *Barney* v. *Leeds*, 51 N. H. 253; *Blackwell* v. *Broughton*, 56 Ga. 392.

Judgment reversed, at the cost of the appellees.