Abell v. Riddle.

- - -

No. 7668.

ABELL v. RIDDLE.

EXECUTION. — *Proceedings Supplementary.* — *Affidavits.* — *Practice.* — Where proceedings supplementary to execution are instituted by filing two separate affidavits stating causes therefor, and each closing with a separate prayer for relief, their sufficiency should be considered separately.

SAME.—*Exemption.*—In proceedings supplementary to execution under section 522 of the code, 2 R. S. 1876, p. 231, the affidavit must show that the property which it is sought to reach, together with the other property claimed by the judgment debtor as exempt from execution, exceeds the amount exempt by law, and an averment that the property "is not exempt from execution," is insufficient, and is not aided by the averment that the debtor is a single and unmarried man, for whether single or unmarried, if a resident householder, he is entitled to the exemption.

PRACTICE.—*Exception.*—*Demurrer.*—*Evidence.*—*Verdict.*— Where an exception has been saved to a ruling on the demurrer to a pleading, it can not be aided by reference either to the evidence or to the verdict.

From the Crawford Circuit Court.

*B. P. Douglass, S. M. Stockslager* and *S. D. Luckett,* for appellant.

*N. R. Peckinpaugh* and *W. T. Zenor,* for appellee.

WOODS, J.—Proceedings supplementary to execution. The appellee instituted the proceedings by filing two affidavits, to which the defendant Abell, who alone appeals, filed a general demurrer, and to each of the affidavits a separate demurrer, for want of facts, and, having saved exceptions to the overruling thereof, has made the proper assignment of error. The appellee claims that the two affidavits are to be treated as constituting, together, one application, but the appellant insists that the sufficiency of each must be determined by itself.

The effort of the appellee was to subject a particular claim of the appellant, a judgment against his co-defendants, to the payment of the appellee's judgment, and under the rule announced in *Banty* v. *Buckles*, 68 Ind. 49, the application constitutes a complaint, the sufficiency of which may be tested by a demurrer. This is in accordance with the recent decisions, wherein it is held that, in such cases, issues of fact may be formed, and a jury trial had, as a matter of right. *McMahan* v. *Works*, 72 Ind. 19 ; *The Toledo, etc., R. W. Co.* v. *Howes*, 68 Ind. 458.

In his first affidavit the appellee shows his recovery, in a suit in attachment against the appellant, before a justice of the peace of Crawford county, of a personal judgment and an order for the sale of the attached goods, the issuing of the order of sale to the constable, a sale duly made, the proceeds applied, leaving a remainder due on the judgment, an execution thereafter issued, the sale thereon of all goods

found by the constable, leaving a stated remainder due upon the judgment, a return of no property out of which to make the balance, a transcript of the judgment docketed in the office of the clerk of the county, execution issued by the clerk to the sheriff, and returned *nulla bona;* that said Abell is a resident of the county, and has, in the circuit court of the county, a judgment against his co-defendants for a sum named, which he unjustly refuses to apply towards the satisfaction of the plaintiff's demand.

The second affidavit, except that nothing is said of the attachment, shows a judgment in favor of the appellee, against the appellant, in all respects the same as that described in the first affidavit, the filing and docketing of a transcript thereof in the clerk's office, the issuing of an execution thereon to the sheriff, a return of *nulla bona,* the appellant's judgment in the circuit court against his co-defendants ; that said judgment "is not exempt from execution ;" that said Abell unjustly refuses to apply the same to the satisfaction of the plaintiff's judgment ; and that the said defendant is "a single man and unmarried."

It is clear that each of these affidavits, closing as they do each with a separate prayer for relief, should be considered separately ; but, whether taken singly or together, they do not show a complete right on the part of the plaintiff to have the appellant's judgment subjected to the payment of his judgment against the appellant. The proceedings are evidently brought under the 522d section of the code, which requires an affidavit that the amount of the indebtedness in favor of the principal defendant, which it is sought to reach and apply, "together with other property claimed by him as exempt from execution, shall exceed the amount of property so exempt by law." The allegation, that the appellant's judgment against his co-defendants "is not exempt from execution," is the statement of a legal conclusion only, and is not helped out by the averment that the debtor is a single

and unmarried man. Whether married or single, if he was a resident householder, he was entitled to the exemption. *Carpenter* v. *Dame*, 10 Ind. 125 ; *Graham* v. *Crockett*, 18 Ind. 119.

The exception having been saved to the ruling on the demurrer, the pleading can not be aided by reference either to the evidence or to the verdict. *Johnson* v. *Breedlove*, 72 Ind. 368.

The judgment is reversed, with costs.