Kelley v. McFadden.

No. 8873.

KELLEY v. McFADDEN.

EXEMPTION.—*Householder.*—*Execution.*—One, without a wife, child, or other dependent, who, with a hired servant, occupies a house and maintains a household, is a householder within the meaning of the law, which exempts a debtor's property, to a certain amount, from sale on execution.

SAME.—*Application for.*—The application for exemption need not designate the particular articles which the debtor wishes to have exempted.

SAME.—*Selection and Qualification of Appraisers.*—*Presumption.*—The failure of the debtor to designate an appraiser does not defeat his right of exemption; and it not appearing that an objection was made to an appraiser designated, it will be presumed, on appeal, that he was competent to act as an appraiser.

From the DeKalb Circuit Court.

*C. M. Phillips, W. L. Penfield* and *E. E. Emanuel,* for appellant.

*J. I. Best* and *C. A. O. McClellan,* for appellee.

WOODS, J.—The property of the appellee was seized by virtue of an execution issued against him. He filed a schedule claiming the benefit of the exemption allowed to a resident householder. His claim was disregarded, and the property sold on the execution to the appellant. The action was, by the appellant, to obtain possession, and he was entitled to recover unless the appellee was entitled to the exemption which he claimed. Some minor points are discussed by counsel, but the important and controlling question in the case is, whether the appellee, in the sense of the law exempting the resident householder's property to a certain amount from sale on execution, was a householder when he claimed the benefit of the exemption.

The appellant asked the following instruction:

"5. A bachelor who has no one dependent on him for support, and with no family except hired servants, is not the head of a family, and is, therefore, not a householder, nor entitled to the benefit of the statute."

Refusing this, the court gave the following:

"If McFadden, at the time of the levying of the execution on his property by the constable, was, and for several years had been, a resident of this State and county, and the head of a family or household, occupying a house, he keeping up the household expenses, and in the direction and control of household affairs, although at the time unmarried and in no way responsible to any one for support, but had a woman servant who kept house for him for wages, he would be a householder, and, as such, upon the proper claim being made by him in the manner heretofore stated, entitled to the benefit of the statute of exemption."

The constitution of the State, article 1, section 22, provides that "The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted."

Notwithstanding the comprehensive and mandatory character of this provision, no law has yet been enacted for its enforcement in favor of any debtor who is not a resident householder; and the question, who is a householder, in the sense of the enactments on this subject, has been, as yet, but seldom considered.

In *Carpenter* v. *Dame*, 10 Ind. 125, where the enquiry was in reference to the qualification of a juror, it was said:

"The next enquiry is, in what sense, as to qualifications, is the word *householder* used in the statute? Does it mean simply that he must be a holder in fee, or a leaseholder of a house, or does it mean that he must be a housekeeper—the head of a family occupying a house? The word, in statutes, seems generally to be used in this latter sense. * * It is so used in our statutes exempting property from execution. Wharton, in his Law Dictionary, defines a householder to be the master of a family. It would seem that the legislature held that a man was not qualified to discharge the duties of a juror till he had had the experiences, and felt the sympathies and responsibilities of the head of a family; nor unless he continued to live with his family."

This would seem to be more sentimental than sound, and, carried to its logical sequence, would exclude from the box all who " had had the experiences, and felt the sympathies and responsibilities of the head of a family," and yet had chanced to survive wife and children and dependent kindred. It would seem to be more rational and probable to say that, in providing that the juror must be a householder, the purpose was to secure for that service men of such personal independence as would afford reasonable assurance of integrity as well as of mental capacity.

In *Graham* v. *Crockett*, 18 Ind. 119, the right of exemption was involved, and it was held that an unmarried man, over twenty-one years old, who had been living for several years with a sister, each owning some personal property, and both contributing by their labor, toward their household expenses, he appearing to direct and control affairs, and being " a white man," was a householder.

In *Crane* v. *Waggoner*, 33 Ind. 83, it was said: "It will be observed that the clause of the bill of rights cited extends this protection to the 'debtor,' and that the act itself is intended to be a fulfillment of the duty therein imposed upon the legislature. The language of the law must therefore be construed with regard to the declared object and purpose to be accomplished, and effect given, so far as reasonably can be, to the constitutional declaration."

In *Bunnell* v. *Hay*, 73 Ind. 452, a number of cases are cited to the proposition that a widower is to be regarded as a householder, although all of his children may have arrived at full age, and have left his domicile, leaving him, so far as wife, children, or kinsmen are concerned, living alone. See also, *Abell* v. *Riddle*, 75 Ind. 345.

It is uniformly held that statutes of exemption are to be liberally construed. *Good* v. *Fogg*, 61 Ill. 449; *Kuntz* v. *Kinney*, 33 Wis. 503; *Carty* v. *Drew*, 46 Vt. 346; *Allison* v. *Brookshire*, 38 Tex. 199; *Seeley* v. *Gwillim*, 40 Conn. 106.

These statutes are not in contravention of the common law.

While the Legislature of this State has not provided for the entire fulfillment of the declaration of the constitution in favor of every debtor, and has limited its beneficence to the resident householder, we are not disposed, by adopting the secondary and restricted definition contended for, to confine the benefits of the law within narrower bounds than are required by the primary and literal meaning of the word.

A householder is " the occupier of a house." *Worcester's Dictionary.* And, in the light of the constitutional provision, we are not called upon to say that one who occupies a house, and maintains his household of hired servants, is not, in the sense of the law, entitled " to enjoy the necessary comforts of life," as well as if he were the head of a family, or as though his servants, instead of receiving wages, were personal dependents.

The further claim is advanced that besides presenting the proper schedule, the appellee, in order to be entitled to the exemption, was bound to designate the particular articles which he desired set off to him. He had the right to wait until the appraisement had been made. Until that had been done, it could not be known but that his entire property would be exempt, and if that was not so, he had a right to make his selection with reference to the valuation of the respective items or articles of property.

The further point is made that the evidence does not show that the appraiser, chosen by the appellee, was competent. But it does not appear that any objection was made on account of his incompetency; and no presumption of incompetency will be indulged on the appeal. The law provides that " in case either party fails to select an appraiser, the same shall be selected by the officer holding the execution." The failure of a party to select an appraiser, competent to act, does not, therefore, deprive him of the benefit of the statute.

The death of the appellant having been suggested, the judgment on the appeal is entered as of the date of the submission.

Judgment affirmed, with costs.