No. 9689.

## FRANK, TRUSTEE, *v.* PURKHISER ET AL.

PRACTICE.— *Weight of Evidence.*—*Supreme Court.*—Where there is legal evidence, in the record, tending to sustain the verdict or finding on every material point, the Supreme Court will not reverse the judgment on the weight of evidence.

From the Harrison Circuit Court.

*W. N. Tracewell* and *R. J. Tracewell,* for appellant.
*M. W. Funk,* for appellees.

HOWK, J.—The appellant was the trustee of one Lorenzo D. Purkhiser, prior to and at the time of his death, on the 5th day of September, 1880. After the death of said Lorenzo, the appellant presented to the court below, for allowance, his final settlement report as such trustee, and prayed that he might be discharged from further liability on account of such trust. In his report, the appellant claimed a credit in the sum of $241.50 for his services and expenses in boarding, nursing and caring for his *cestui que trust* during his last illness and prior to his death. Upon the filing of such re-

port, objections in writing to its allowance and confirmation by the court were filed by the appellees, as the heirs at law of said Lorenzo D. Purkhiser, who died intestate. The matters arising on the appellant's report, and appellees' objections, were submitted to the court for trial; and a finding was made, sustaining the objections as to the credit claimed by appellant for services and expenses in boarding, nursing and caring for the decedent in his last illness, and allowing appellant, on that account, the sum of sixty dollars, and refusing to allow the residue of the sum claimed. Over the appellant's motion for a new trial, the court rendered judgment in accordance with its finding.

The only error assigned by appellant is the overruling of his motion for a new trial, and the only causes assigned for such new trial were, that the finding of the court was not sustained by sufficient evidence, amd that it was contrary to law. It will be readily seen, therefore, that a single question is presented for our decision, by the record of this cause and the error assigned thereon, and that is this: Is the finding of the trial court sustained by sufficient legal evidence? The evidence is properly in the record, and, upon the question in controversy, there was much conflict in the evidence of the different witnesses. In such a case, under the long established and wise rule governing this court, we can not disturb the finding below upon the weight of the evidence. The appellant's counsel say, that they have "a full appreciation of the force and justice of the rule, established by the court, in regard to the reversal of a case upon the evidence. We know" (say counsel) "that great deference is and should be paid to the finding and judgment of the court upon the evidence, whenever the same are reasonably or fairly sustained by the evidence; but, when the evidence plainly fails to sustain the finding, then a new trial ought to be granted."

This is not an accurate or correct statement of the rule governing this court in such cases. The rule is this: If there

is legal evidence, properly in the record, which fairly tends to sustain the verdict of a jury or the finding of the court on every material point in issue, this court will not, and ought not to, disturb such verdict or finding, upon what might seem to it to be the preponderance of evidence. *Cox* v. *State*, 49 Ind. 568; *Swales* v. *Southard*, 64 Ind. 557; *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73. In the case now before us, there is evidence properly in the record which fairly sustains the finding of the court on the only matter in controversy between the parties.

The judgment is affirmed, with costs.