Lowry *v.* McAlister *et al.*

No. 9001.

`86 543`
`129 360`

·LOWRY *v.* McALISTER ET AL.

HOUSEHOLDER.— *Proceeding Supplementary to Execution.—Pleading.—Exemption.*—In a proceeding supplementary to execution, the execution plaintiff must affirmatively show that the property sought to be reached is subject to execution, and the execution defendant, being a householder, has a right to plead his exemption in bar.

SAME.—*Evidence.* —In such case, evidence that the execution defendant was a widower, living with his three children at the house of his father-in-law, that he paid their board and supplied them with clothing and other necessaries, fully established the claim that he was a householder.

.PRACTICE.—*Supreme Court.—Surplusage.—Reversal.*—The refusal to strike out surplusage is not such an error as will warrant a reversal.

From the Parke Circuit Court.

*S. D. Puett,* for appellant.

*T. N. Rice* and *J. T. Johnston,* for appellees.

ELLIOTT, J.—This is a proceeding supplementary to exe-̇cution, instituted by the appellant against the appellees. The affidavit, after stating the facts of the rendition of the judg-̇ment, the issué of the execution, and like matter, charges, that the defendant McAlister has property or money in the hands of the Parke Banking Company of Rockville, on deposit, of the value of one hundred dollars; that this sum is due him; that he unjustly, and with intent to defraud his creditors, claimed to have assigned this claim to his son, when in fact there was no such assignment, and the money remained in bank to the defendant's credit, and that he unjustly refuses to apply it towards the payment of plaintiff's judgment; that the defendant is not a householder, and has never claimed any property as exempt from execution.

Complaint is made of the action of the court in overruling appellant's motion to strike out an answer of the appellee Mc-̇Alister claiming the money sought to be reached by the appellant ♣ exempt from execution, and asserting that he was a householder. There was no available error in this ruling. If the facts stated were true, and this the motion confessed, they

constituted a defence, for a housholder has a right to plead in bar his exemption. Indeed, the rule is that the plaintiff in such a proceeding must affirmatively show that the property sought to be reached is subject to execution. *Abell* v. *Riddle*, 75 Ind. 345. If the facts stated amounted to nothing more than the general denial, then they were mere surplusage, and the refusal to strike out surplusage is not such an error as will warrant a reversal.

We do not think there was any error in excluding the evidence offered by the appellant to prove what the appellee said respecting the assignment of the certificate to his son, for that matter was not a relevant or material one under the allegations of the complaint. The issue tendered was, that the money belonged to the appellee, and was subject to seizure to pay the appellant's claim, and that the former had no right to claim it as exempt from execution, as he was not a resident householder. It was not necessary, to sustain this issue, to prove any assignment of appellee's claim against the banking company, and no harm resulted from refusing to permit it to be done. In fact, the evidence which appellant sought to elicit tended to overthrow rather than sustain the issue tendered, for, unexplained (and there was no offer of explanation), it would have proved that the money belonged to the son.

The evidence showed that the appellee was a widower, living with his three children at the house of his father-in-law; that he paid their board and supplied them with clothing and other necessaries. This evidence fully established the claim that he was a householder. A person who has members of his family dependent upon him for support, and who does support them, is a householder within the meaning of the law. *Kelley* v. *McFadden*, 80 Ind. 536; *Bunnell* v. *Hay*, 73. Ind. 452.

Judgment affirmed.