No. 12,454.

## Bipus *v.* Deer.

EXEMPTION FROM EXECUTION.—*Householder.*—*Widower.*—A widower who, after his wife's death, continues to occupy the same property, the legal title to which is in his daughter, he paying no consideration for the use of the premises except by way of taxes and improvements, and who contributes to the living expenses of his daughter's family who have come to reside with him at his request, although neither they nor others are dependent upon him for support, is a householder within the meaning of the law providing for exemption from execution.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.— *Witnesses.*—The judgment plaintiff, in a proceeding supplementary to execution, is not concluded by the testimony of the judgment debtor, given upon his examination, but he may examine other witnesses.

From the Parke Circuit Court.

*V. Carter, S. D. Puett* and *H. E. Hadley,* for appellant.

ZOLLARS, J.—This is a proceeding supplementary to execution, prosecuted by appellant against appellee. The execution was levied upon property. Appellee filed a schedule and claimed it as exempt from execution. The court below held that he was entitled to it, as thus claimed. Appellant contends that the court erred in so holding, because, as he claims, appellee was not, and is not a householder.

The evidence, briefly, is as follows: Appellee's wife, who owned the household goods and furniture, died intestate, a short time before the execution was levied. For more than thirty years, appellee and his wife lived in the house where he now resides. They had but one child—a daughter—who

had been married for a number of years. Some years ago, the daughter's first husband secured some debts due from appellee. To secure him, appellee and his wife deeded the house and lots to the "daughter, her heirs, and said Hayth," her husband. The debts for which Hayth was surety have been paid. The legal title to the house and lots is still in the daughter. Appellee paid no rent for the house, but has at all times paid the taxes thereon and kept up the improvements. Hayth is dead, and the daughter has a second husband. They now live in the house with appellee. They moved in at his request, as he needed a housekeeper after the death of his wife. He has no one dependent upon him for support. He occupies two rooms, and contributes to the living expenses of the family, but in what proportion is not stated.

Under the liberal construction given to our statute, we think this evidence shows appellee to be a householder, and, as such, entitled to the exemption which he claims. Section 22, of article 1, of the State Constitution, provides that "The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted," etc.

It will be observed, that while the Constitution provides for legislation that may allow a reasonable exemption to all debtors, as against judgments and executions founded upon contracts, it is not self-executing. The Legislature, so far, has thought proper to provide for an exemption to resident householders only. R. S. 1881, section 703. The broad terms of the Constitution, however, and other considerations which have been thought to be important, have led this court to give to the statute a liberal construction. Under this liberal construction, the evidence in this case, as we have already stated, shows that appellee was a resident householder within the meaning of the statute, and, as such, entitled to the exemption as ruled by the court below.

Without entering upon a review of our cases, and the authorities elsewhere, we cite a few of the cases which fully support our conclusion here.   *Graham* v. *Crockett,* 18 Ind. 119 ;   *Bunnell* v. *Hay,* 73 Ind. 452, and cases there cited ; *Kelley* v. *McFadden,* 80 Ind. 536, and cases there cited ;   *Norman* v. *Bellman,* 16 Ind. 156 ;   *Lowry* v. *McAlister,* 86 Ind. 543 ;   *Astley* v. *Capron,* 89 Ind. 167 ;   *Butner* v. *Bowser,* 104 Ind. 255, and cases there cited.

The record shows that the court below disposed of the case upon the theory that the trial in such a proceeding consists simply of an examination of the defendant, and hence refused to hear any other witnesses.   In other words, that court disposed of the case upon the theory that appellant was concluded by what appellee stated in his examination.   In this we think the learned judge erred.

This proceeding was instituted under section 816, R. S. 1881, which provides that after an execution has issued against property, upon proper affidavit by the judgment plaintiff, stating that the judgment debtor has property, describing it, which he unjustly refuses to apply towards the satisfaction of the judgment, the court shall issue an order requiring the judgment debtor to appear and answer concerning the same, and that such proceedings may thereafter be had for the application of the property of the judgment debtor towards the satisfaction of the judgment, as provided upon the return of an execution.

Section 820, of the same statutes, provides that " Witnesses may be required to appear and testify in the proceeding provided for in this act ; and either party may examine the other as a witness, in the same manner as upon the trial of an issue ; or the plaintiff may waive the answer of the debtor, and rely upon other testimony," etc.

Section 821 provides that upon the hearing, the judge of the court may order any property of the judgment debtor, not exempt from execution, in the hands of himself, etc., to be applied to the satisfaction of the judgment, and shall have

full power to enforce all orders and decrees in the premises, by attachment or otherwise. These sections are the same as sections 519, 523 and 524 of the code of 1852, 2 R. S. 1876, p. 230; and in the code of 1881, as in the code of 1852, they follow the subdivision, " Proceedings supplementary to execution." 2 R. S. 1876, p. 228; Acts 1881, p. 345. These several sections, it thus and otherwise appears, are a part of the same statute, upon the same subject. The section in relation to the examination of witnesses, other than the judgment debtor, applies whether the proceeding is instituted under section 815, 816 or 819. Prior to the code of 1881 it was frequently held, that in such a proceeding, under the code of 1852, issues of fact might be formed, a trial by jury might be had as a matter of right, witnesses might be heard, and that the application or affidavit by the plaintiff might be tested by demurrer. *Toledo, etc., R. W. Co.* v. *Howes,* 68 Ind. 458; *McMahan* v. *Works,* 72 Ind. 19; *Dillman* v. *Dillman,* 90 Ind. 585.

Section 525, code of 1852, provided that " Costs shall be awarded and taxed in this proceeding as in other cases."

Section 822, R. S. 1881, re-enacts the above section, and adds thereto, "and all proceedings under this act, after the order has been made requiring parties to appear and answer, shall be summary, without further pleadings, upon the oral examination and testimony of parties and witnesses. But the sufficiency of the order and of the affidavit first filed by the plaintiff may be tested by demurrer or motion to dismiss or strike out the same."

This addition constitutes the only difference between the statute of 1852 and that of 1881, and that change, so far as is material to the case before us, consists in dispensing with pleadings subsequent to the order requiring the defendant to appear and answer.

It is very certain, we think, that section 822 does not, and was not intended to, conclude the plaintiff by the testimony of the judgment debtor in his examination. It was not in-

tended to, nor does it, deprive or abridge the right of the plaintiff to examine other witnesses, as that right is given by section 820, *supra.* Indeed, section 822 recognizes the right to examine other witnesses.

Upon the question of the proper construction of the statute and the effect of section 822, see the cases of *Burkett* v. *Holman,* 104 Ind. 6, *Burkett* v. *Bowen,* 104 Ind. 184, and *Butner* v. *Bowser, supra.*

The judgment is reversed, at appellee's costs, and the cause remanded, with instructions to the court below to sustain appellant's motion for a new trial, and to proceed in accordance with this opinion.

Filed March 30, 1886.