**Josephine FRANK, Bankrupt, Appellant,**

v.

**D. Jay HYMAN, Trustee in Bankruptcy of Josephine Frank, Appellee.**

**No. 14283.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 23, 1958.

Decided Oct. 2, 1958.

Mr. John E. Lappin, Washington, D. C., with whom Mr. Robinson Lappin, Washington, D. C., was on the brief, for appellant.

Mr. D. Jay Hyman, Washington, D. C., for appellee.

Before PRETTYMAN, FAHY and BURGER, Circuit Judges.

FAHY, Circuit Judge.

Appellant as a bankrupt claimed exemption of her household furnishings,

---

which did not exceed $300.00 in value, from the assets that would be set aside to satisfy her creditors, relying upon the second subparagraph of § 15–401, D.C. Code (1951). This provision grants to "the head of a family or householder residing in the District of Columbia" exemption of,

> "All beds, bedding, household furniture and furnishings, sewing machines, radios, stoves, cooking utensils, not exceeding $300 in value."

The District Court, following denial of the exemption by the referee in bankruptcy, held against appellant on the ground that she was not the head of a family or a householder. Since appellant is a widow living alone we agree that she is not the head of a family; but since she lives in an apartment of several rooms furnished with her household furniture and keeps house there, we think she is a householder within the meaning of the exemption statute.

It is argued to the contrary that the terms "head of a family" and "householder" are synonymous. This argument is inconsistent with the view supported by good authority that a family relationship is not essential to constitute a household, that is, one might be a householder if another is a part of the household though the latter is not a relative.[1]

It is also contended that, in any event, a single person living alone cannot be a householder. This contention gains some weight from subparagraph (b) of § 15–403, D.C.Code (1951), which grants certain exemptions, not including household furnishings, to persons "who do not provide for the support of a family," which describes a category that would include appellant. But the weight referred to we think is not enough to be decisive. The mainstay of the argument is that appellee's interpretation is necessary in order to give effect to this subparagraph (b) of § 15–403. But the latter can be given meaning by applying it to a person other than one in the situation of appellant. For example, a single person who boards at the premises of another and uses the latter's furniture would no doubt be entitled only to the exemption provided in said subparagraph (b), even though he owned household furnishings situated elsewhere. But the household furnishings appellant seeks to hold exempt are those used by her in her own apartment-home where she keeps house. In these circumstances, remembering that a liberal construction is to be given to such an exemption statute as is here involved,[2] we construe the term "householder" in § 15–401(a) to include appellant as "one who occupies a house with his family or alone,"[3] though concededly the several statutory provisions leave the solution not entirely clear. We add only that we have found no evidence in the legislative history of the pertinent provisions that is inconsistent with our construction of the statute.

Reversed.

1. See In re French, D.C.N.D.N.Y.1916, 231 F. 255; Kelley v. McFadden, 80 Ind. 536; In the matter of Arnold H. Birman, Bankruptcy No. 42–50 (D.D.C.1951).

2. 22 Am.Jur. Exemptions § 6 (1939); 3 Sutherland, Statutory Construction § 7006 (3d Ed. 1943).

3. Webster, New Collegiate Dictionary (2d Ed. 1949).